UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

MANDY L. JONES,

    Plaintiff,

v.

ACCOUNT BROKERS OF LARIMER COUNTY, INC.

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent located at 7674 Reed Street, Arvada. CO 80003.

## PARTIES

8. Plaintiff Mandy L. Jones is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Account Brokers of Larimer County, Inc. (hereinafter "Defendant Account Brokers") is a Colorado business entity with an address of 1417 S. College Ave., Fort Collins, CO 80538.

10. Defendant is a registered debt collector with the Colorado Attorney General's office, license # 101205.

## FACTUAL ALLEGATIONS

11. The Defendant initiated a lawsuit against the Plaintiff in Larimer County, Colorado county court on or near August 30, 2012 seeking money damages for a series of alleged debts.

12. In the Larimer County lawsuit, the Defendant claims it is the assignee of Poudre Valley Health System 2.

13. The alleged debt that the Defendant is attempting to collect is a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The Plaintiff, by and through her attorneys Gookin, Krenning and Associates, LLC, filed a responsive pleading with the Larimer County Court on October 12, 2012.

15. The Plaintiff's answer alleged *inter alia*, that the Plaintiff disputed the debt and requested that the matter be set for a jury trial.

16. The Defendant was notified that the Plaintiff had retained legal counsel concerning the debt on October 12, 2012 as the Defendant's lawyer Gary Marschhausen was served with electronic notice through LexisNexis.

17. Despite being notified that the Plaintiff had retained legal counsel, the Defendant communicated with the Plaintiff by sending her a demand letter, dated October 24, 2012 concerning an alleged debt stemming from "Poudre Valley Health System 2."

18. The FDCPA prohibits a debt collector from contacting a consumer after being notified that the consumer is represented by legal counsel, see 15 U.S.C. §1692c(a)(2).

19. Upon notice that the Plaintiff was represented by legal counsel, the debt collector must deal exclusively with the plaintiff's attorney, even if to only convey legal notices, see *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo. 1989), see also *Clark v. Schwabe, Williamson, & Wyatt, Clearinghouse No 44,831* (D. Or. 1990)

20. The letter that was sent by the Defendant is addressed to the Plaintiff at the same address where she was served with the Defendant's Larimer County lawsuit.

21. Despite the Plaintiff filing a responsive pleading disputing the alleged debt and giving notice that she was not going to pay the debt and demanding a jury trial in the Larimer County civil case, the Defendant communicated with the Plaintiff.

22. A debt collector is prohibited from communicating with a consumer after being notified in writing that the consumer refuses to pay, see 15 U.S.C. §1692c(c).

### *Respondeat Superior Liability*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The acts and omissions of the lawyers, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

25. The acts and omissions by the Defendant's lawyers was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

27. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its lawyers, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
770 N. Lincoln Ave
Loveland, CO 80537
 (970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/ Andrea Fulton
Gookin, Krenning and Associates, LLC
770 N. Lincoln Ave
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: andrea@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
770 N. Lincoln Ave
Loveland, CO 80537
 (970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com